AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

United States of America )
v. )
Tranard Dell ) Case No. 6:25-mj-1418
)
)
)
)
Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  March 20, 2025 & April 24, 2025  in the county of  Volusia  in the  Middle  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 871 | Threatening to Kill the President |
| 18 U.S.C. § 115(a)(1)(B) | Influencing, Impeding, or Retaliating Against a Federal Officer by Threat to Murder |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent John Rolander, U.S. Secret Service
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 5/1/2025

City and state: Orlando, FL

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Case No: 25-mj-1418

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, John Rolander, being first duly sworn, hereby depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Secret Service (USSS) and have been so employed since August 2004. My assigned duties include the investigation of federal criminal offenses, including threats directed towards current and former protectees of the USSS. This includes threatening communications in violation of 18 U.S.C. § 875, threats against the President and successors of the Presidency in violation of 18 U.S.C. § 871, as well as threats against former Presidents and certain other persons protected by the USSS covered by 18 U.S.C. § 879, and related crimes.

2. I have been trained in obtaining probable cause, surveillance techniques, the interviewing of subjects and witnesses, and the planning and execution of arrest, search, and seizure warrants. I have also received training on criminal violations at various conferences and venues.

3. I submit this affidavit in support of a criminal complaint charging TRANARD DELL ("**DELL**"), a U.S. citizen who resides in Port Orange, Florida, with threatening to kill the President, in violation of 18 U.S.C. § 871, and influencing, impeding, or retaliating against a federal officer by threat to murder, in violation of 18 U.S.C. § 115(a)(1)(B).

4. The statements contained in this affidavit are based on my personal knowledge and experience, and reliable information from other law enforcement officers and computer databases. Because of the limited purpose of this affidavit, I have not included each and every fact known to me. Rather, I have included only those facts necessary to establish probable cause supporting the requested complaint.

## PROBABLE CAUSE

5. On or about March 20, 2025, at approximately 12:36 p.m., X.com ("Twitter") user "@rockstarkidd31" with the display name "Tray" posted the following:

> @realDonaldTrump everyyyyyday of my life I just wish I can cut the news on too hear that you've died gotten shot or had a stroke you one dumb silly ass bitch and I'll kill your ass myself you better not come to Florida I'm gone shoot your brains everywhere

6. Because the post contained a direct threat to kill the President, USSS obtained a subpoena for subscriber information from Twitter for the account @rockstarkidd31. The records showed that the email address "delltranard94@icloud.com" was used to register the account on November 26, 2024. The records also included an IP address associated with the threatening post, which is serviced by Charter Communications.

7. According to records from Charter Communications, the account associated with the IP address belongs to P.H., a 79-year-old female residing at 3685 Beacon Hill Road, APT 107, Port Orange, Florida.

8. Based on the discrepancy between the IP address account holder and the email address linked to the Twitter account, I searched Florida driver's license records for the Beacon Hill address, which returned multiple hits, including **DELL**, who resides at 3685 Beacon Hill Road, Apartment 208, Port Orange, Florida. According to those records, **DELL** was born in 1994.

9. On April 23, 2025, a task force officer with USSS, J.E., interviewed P.H. at the Beacon Hill address. P.H. stated that she knows **DELL** and that he routinely visits P.H. in her apartment.

10. On April 24, 2025, J.E. contacted a cellular phone number associated with **DELL**. **DELL** answered the phone and J.E. identified himself as law enforcement and asked if he could speak with **DELL**. **DELL** demanded to know what the conversation would be about, to which J.E. explained that he was investigating a threat posted on Twitter. **DELL** became angry and told J.E. not to show up to his residence or J.E. would not be walking. **DELL** also made a verbal threat to shoot J.E. if he showed up.

11. After the call ended, **DELL** attempted to call J.E., who did not answer. **DELL** then sent J.E. several text messages, including, "Bitch pull up to my shit bitch I'm gone shoot you in your mf face" and "Come here I bet you won't leave walking or talking."

12. As part of my investigation, I spoke with J.E, who stated that he requested back up from the Port Orange Police Department (POPD) in response to

**DELL**'s verbal and written threats. J.E. also stated that **DELL** sounded loud and angry on the phone.

13. After speaking with **DELL**, J.E. observed an individual meeting **DELL**'s description seated outside the Beacon Hill address holding a cellular phone. J.E. again called the number associated with **DELL** and observed the individual answer the phone. The individual again threatened to kill J.E.

14. J.E. and an officer from POPD approached the individual, who then identified himself as **DELL**. J.E. confronted him about the threats just made toward J.E. **DELL** acknowledged making them. J.E. then placed **DELL** under arrest for making threats to a law enforcement officer under Florida law.

15. After **DELL** was read his rights under *Miranda*, **DELL** admitted to J.E. that the Twitter account @rockstarkidd31 belonged to him. **DELL** denied making the threatening posts against President Trump.

16. **DELL** was then transported to the county jail for processing. I arrived at the jail and interviewed **DELL**. Post-*Miranda*, **DELL** recanted his earlier denial that he had made the threatening post against the President and admitted that he had authored the post. **DELL** stated that he was upset when he had made the post because he was worried that the Trump administration was going to take away his federally assisted housing.

4

17. Based on open-source research, I know that approximately one week before **DELL**'s Twitter post, the Associated Press had reported that the Trump administration intended to terminate a $1 billion federal housing program.

## CONCLUSION

18. Based on the foregoing information, I respectfully submit that probable cause exists to believe that Tranard **DELL** knowingly and willfully threatened to kill the President, in violation of 18 U.S.C. § 871, and threatened to kill a federal officer with the intent to influence, impede, or retaliate against the officer while engaged in the performance of official duties, in violation of 18 U.S.C. § 115(a)(1)(B).

John Rolander
Special Agent
U.S. Secret Service

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this __1st__ day of May 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

5